UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CORTNEY R. STEELE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:17-CV-186-SNLJ |
| ) | |
| MEGABUS USA, LLC, ) | |
| MEGABUS SOUTHEAST, LLC, and ) | |
| PAYTON H. GRANDERSON, JR., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). "A plaintiff who seeks to invoke diversity jurisdiction of the federal courts must plead citizenship distinctly and affirmatively." 15 James Wm. Moore et al., *Moore's Federal Practice* § 102.31 (3d ed. 2010). Because this action has been removed from state court, the party seeking to invoke diversity jurisdiction is the defendant; thus, the defendant has the burden of establishing federal subject matter jurisdiction. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993) (per curiam). In a removed action, diversity must exist both when the state petition is

1

filed *and* when the notice of removal is filed. *Chavez-Lavagnini v. Motivation Educ. Tranining, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013).

The Notice of Removal (#1) asserts that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the lawsuit is between citizens of different states and the matter in controversy exceeds the sum of $75,000. The Notice alleges that "Defendant, Megabus USA, is a Delaware limited liability company. . . . The sole member of Megabus USA is a citizen of New Jersey." (#1 at 2, ¶¶ 4, 6). The Notice also claims that "Defendant, Megabus Southeast, is a Delaware limited liability company" (#1 at 2, ¶ 7), and "[t]he sole member of Megabus Southeast, is a citizen of New Jersey." (#1 at 2, ¶ 8). The Notice correctly points out that limited liability companies are citizens of every state of which any member is a citizen. *See GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). Defendants state the citizenship of each member of the LLC, but they do not state the names of each member. This Court is required to examine the parties for any potential conflicts of interest. *See* 28 U.S.C. § 455. And because the Petition does not mention the citizenship of either defendant, the defendants must also show that complete diversity existed when the state Petition was filed. *Chavez-Lavagnini*, 714 F.3d at 1056.

Because it is the defendants' burden in this case to establish subject matter jurisdiction, *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d at 183, the Court will grant defendants twenty-one (21) days to file an amended Notice that states the names of the members of each LLC and alleges facts showing the required diversity of citizenship when the case was filed in state court and when it was removed. If defendant fails to

timely and fully comply with this Order, the Court will remand this case for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that, by November 17, 2017, defendants shall file an amended notice of removal that shall state the names of the members of each LLC and allege facts establishing complete diversity both when the case was filed in state court and when it was removed.

**IT IS FURTHER ORDERED** that if defendants do not timely and fully comply with this Order, this matter will be remanded for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all other proceedings in this case are **STAYED** pending further order of this Court.

So ordered this __27th__ day of October, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE